## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD P. SMITH and MARGARET JOANN SMITH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL NO. 05-500-GPM |
| ) | |
| SHIPPING UTILITIES, INC., CITICAPITAL COMMERCIAL CORPORATION, NACCO MATERIALS HANDLING GROUP, INC., d/b/a Hyster Company, and PRAIRIE FARMS DAIRY, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter was before the Court on November 7, 2005, for a hearing on Plaintiffs' motion to remand. For the following reasons, this action is remanded to the Third Judicial Circuit Court, Madison County, Illinois.

### BACKGROUND

This action was filed in Madison County, Illinois, on June 9, 2005. The state court complaint alleges injuries suffered by Plaintiff Edward P. Smith while operating a forklift working at Defendant Prairie Farms Dairy, Inc.'s (Prairie Farms') plant in Granite City, Illinois (Doc. 2, ¶¶ 6, 9-10, 13). Smith and his wife assert claims for negligence and products liability against Shipping Utilities, Inc. (Shipping Utilities), which distributed the forklift; CitiCapital Commercial Corporation, which owned the forklift; and Nacco Materials Handling Group, Inc., d/b/a Hyster

Company (Nacco), which manufactured the forklift. Additionally, Plaintiffs assert claims for spoliation against Prairie Farms and Shipping Utilities because they modified, altered, and destroyed the integrity of the forklift in modifying and altering it and its component parts and permitting its continued use, among other things. Additionally, Shipping Utilities, which is in the business of renting, leasing, and distributing industrial machinery, sold and transported the forklift to a third-party 1500 miles away without notice to Plaintiffs or their attorneys, and Prairie Farms allowed Shipping Utilities to do so without giving notice.

Nacco removed this action to this Court on July 15, 2005, arguing that diversity jurisdiction exists despite the fact that Prairie Farms is an Illinois citizen because Prairie Farms is "fraudulently joined;" therefore, the Court should disregard its citizenship. Nacco contends that Prairie Farms is fraudulently joined because (1) Plaintiffs cannot state a claim against Prairie Farms or, alternatively, (2) the spoliation claims against Prairie Farms are "misjoined."

<u>**ANALYSIS**</u>

It is fundamental that "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). For this reason, district courts must "interpret the removal statute narrowly," and any doubt regarding jurisdiction should be resolved in favor of remand to state court. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). As the party seeking to invoke the Court's jurisdiction, Nacco bears the burden of proving the existence of federal subject matter jurisdiction by "competent proof," *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995), which means "proof to a reasonable probability that jurisdiction exists." *Target Market Publishing, Inc. v. ADVO, Inc.*, 136

F.3d 1139, 1142 (7th Cir. 1998).

In order for this Court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be of diverse citizenship and the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. The burden of proof falls on the party seeking to invoke federal diversity jurisdiction to present "competent proof" that the requirements of § 1332 have been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 179 (1936). In deciding whether a defendant has been fraudulently joined, a federal court "must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant?" *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). As recognized by the Seventh Circuit Court of Appeals in *Poulos*, "[a]n out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder." *Id*.

The Illinois Supreme Court has held that a spoliation claim can be stated under existing negligence law, including the principle that the defendant owed a duty to the plaintiff. *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 270 (Ill. 1995). The issue in this case is whether Prairie Farms had a duty to preserve evidence. The Illinois Supreme Court has articulated a two-prong test for determining when there is a duty to preserve evidence. In determining whether a duty to preserve evidence exists, first, as a threshold matter, the court must determine whether such a duty arises by agreement, contract, statute, special circumstance, or voluntary undertaking. *Dardeen v. Kuehling*, 821 N.E.2d 227, 236 (Ill. 2004). If so, then the court must determine "whether that duty extends to the evidence at issue -- *i.e.*, whether a reasonable person should have foreseen that the evidence was material to a potential civil action. If the plaintiff does not satisfy both prongs, there is no duty to

preserve the evidence at issue." *Id.* (internal citations omitted).  The first prong is referred to as the

"relationship" prong and the second prong as the "foreseeability" prong.  *Id.*[1]

While the Court in *Dardeen* found no duty under the facts of that case, 821 N.E.2d at 233

(the defendant insurer had neither possession nor control over its insured's sidewalk and, therefore,

had no duty to preserve it), the analysis and the following language leads this Court to the opposite

result in this case.

> We hinted at what special circumstances might give rise to a duty to preserve
> evidence in *Miller v. Gupta*, 174 Ill.2d 120, 200 Ill. Dec. 217, 672 N.E.2d 1229
> (1996).  In *Miller*, a medical malpractice plaintiff's attorney requested X rays from
> the plaintiff's doctor.  The doctor complied and obtained the X rays.  Before taking
> the X rays to the hospital to copy them, he placed them on the floor of his office near
> the wastebasket.  The X rays disappeared.  A housekeeping employee who cleaned
> the doctor's office guessed that she disposed of the X rays, which were later
> incinerated.  We remanded to allow the plaintiff to amend the negligent spoliation
> claim to satisfy *Boyd*. *Miller*, 174 Ill.2d at 129, 220 Ill. Dec. 217, 672 N.E.2d 1229.

> Unlike the plaintiff in *Miller*, Dardeen never contacted the defendant to ask
> it to preserve evidence.  Dardeen never requested evidence from State Farm, and he
> never requested that State Farm preserve the sidewalk or even document its

---

[1]During the hearing, the parties argued that the Court should adopt either *Andersen v. Mack Truck, Inc.*, 793 N.E.2d 962 (Ill. App. Ct. 2003), (Nacco's position) or *O'Brien Tire & Battery Service Center, Inc.*, 752 N.E.2d 8 (Ill. App. Ct. 2001), (Plaintiffs' position) as the test for whether a duty exists.  The difference between these cases is in their adoption (*Mack Truck*) or rejection (*O'Brien Tire*) of the necessity of a "special relationship."  In *O'Brien Tire*, the appellate court found that possession of the wheel assembly was a special circumstance that in combination with the fact that the third-party defendant knew or should have known that the wheel assembly was material to a potential civil action was sufficient to create a duty to preserve the evidence.  752 N.E.2d at 12.  It specifically found that the existence of a "special relationship" is not necessary to give rise to a duty to preserve evidence.  *Id.* at 13.  This holding is not inconsistent with the Illinois Supreme Court's pronouncement in *Dardeen*.  By contrast, in *Mack Truck*, the appellate court declined to hold that a mere request that a party preserve evidence was sufficient to impose a duty absent some further "special relationship" and remanded to allow the third-party plaintiff to replead facts constituting a "special circumstance" leading to a duty in accordance with *Boyd* and *Miller v. Gupta*.  793 N.E.2d at 969, 971. Although it cites to *Mack Truck* for several of its propositions, the Court in *Dardeen* refers to special circumstance and not special relationship in analyzing the relationship prong.

> condition.  And though he visited the accident site hours after he was injured, he did not photograph the sidewalk.  Additionally, unlike the doctor in *Miller*, State Farm never possessed the evidence at issue and, thus, never segregated it for the plaintiff's benefit.

*Dardeen*, 821 N.E.2d at 232.  In this case, there is no question that Prairie Farms possessed the forklift after the accident.  Additionally, six days after the accident, Plaintiffs' counsel sent a letter to Prairie Farms' Office Manager stating:  "Due to the fact that this accident resulted in both a compensable work accident and personal injury, you are being placed on notice not to alter, repair, destroy, or modify this piece of equipment from its post-accident state until notifying this office and giving us 14 days notice to inspect the forklift" (Doc. 24, Ex. D).  Considering Prairie Farms' possession of the forklift and the fact that it was put on notice, there is a *reasonable possibility* that the state court would rule against Prairie Farms when considering whether a duty to preserve evidence arose by special circumstance.  *See, e.g., O'Brien Tire*, 752 N.E.2d at 12; *cf. Dardeen*, 821 N.E.2d at 233 ("[N]o Illinois court has held that a mere opportunity to exercise control over the evidence at issue is sufficient to meet the relationship prong. [citing cases]  We do not intimate that, nor do we decide whether, possession is required in every negligent spoliation case.").

Moreover, Smith filed an affidavit in which he states that immediately following the accident, an employee of Prairie Farms placed a "do not use sign" on the forklift that was later removed (Doc. 35, ¶ 3).  On these facts, there is a *reasonable possibility* that the state court would rule against Prairie Farms when considering whether a duty to preserve evidence arose by voluntary undertaking.  *See, e.g., Boyd*, 652 N.E.2d at 271 (defendant insurance company assumed a duty to preserve evidence when its employees took possession of it, knowing that it was relevant to future litigation).  Based upon the foregoing, there is a *reasonable possibility* that the state court would rule against Prairie Farms when considering whether Plaintiffs can establish the "relationship" prong of

the existence of a duty to preserve evidence, whether by special circumstance or voluntary undertaking.

With respect to the "foreseeability" prong, as set forth above, Plaintiffs' counsel's letter to Prairie Farms' Office Manager referenced *both* compensable work accident and *personal injury* (Doc. 24, Ex. D).  Additionally, Prairie Farms' workers' compensation insurer sent a letter to Plaintiffs' counsel notifying them of Prairie Farms' right of subrogation to any settlement made by Plaintiff Edward Smith (*Id*. at Ex. E).[2]  On these facts, there is a *reasonable possibility* that the state court would rule against Prairie Farms when considering whether a reasonable person should have foreseen that the evidence was material to a potential civil action.  *See, e.g., O'Brien Tire*, 752 N.E.2d at 12.

Based upon the foregoing, there is a *reasonable possibility* that the state court would rule against Prairie Farms when considering whether it had a duty to preserve evidence.  Therefore, Nacco has failed to meet its heavy burden to establish fraudulent joinder.

With respect to the misjoinder argument, *Boyd* clearly states that a single trier of fact may be allowed to hear an action for negligent spoliation concurrently with the underlying suit on which it is based.  652 N.E.2d at 272.  "A single trier of fact would be in the best position to resolve all the claims fairly and consistently.  If a plaintiff loses the underlying suit, only the trier of fact who heard the case would know the real reason why.  This factor is important because a spoliator may be held liable in a negligence action *only* if its loss or destruction of the evidence caused a plaintiff to be

---

[2]Notably, the appellate court in *O'Brien Tire* held that the defendant insurer should have been aware of the possibility of third-party litigation because any third-party litigation against the manufacturer would have given rise to a lien in its favor on proceeds of such third-party case, and such awareness supported the existence of special circumstances giving rise to a duty to preserve evidence.  752 N.E.2d at 12.

unable to prove the underlying suit." *Id.* The spoliation claims against Prairie Farms and Shipping Utilities are so related that they should be joined together, and the spoliation and products liability claims against Shipping Utilities should be joined under the rationale of *Boyd*. Nacco's misjoinder argument fails.

Finally, Plaintiffs are entitled to recover their costs in seeking remand to state court, *see Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407 (7th Cir. 2000), and the request for fees and costs is granted. Counsel are alerted to the Seventh Circuit Court of Appeals' recent pronouncement on fee submissions in *Budget Rent-A-Car System, Inc. v. Consolidated Equity, L.L.C.*, No. 05-3579, 2005 WL 2897377, at *1 (7th Cir. Nov. 4, 2005) (When an award of fees is permissive, denial is an appropriate sanction for requesting an award that is not merely excessive, but so exorbitant as to constitute an abuse of the process of the court asked to make the award).

### CONCLUSION

For the foregoing reasons, the motion to remand (Doc. 17) is **GRANTED**, and this action is **REMANDED** to the Third Judicial Circuit Court, Madison County, Illinois, pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. Plaintiffs' counsel shall file an affidavit setting forth the fees and costs incurred as a result of the removal on or before **December 12, 2005**.

**IT IS SO ORDERED.**

DATED: 11/23/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge